J. H. WEATHERFORD, *as Sheriff of Jefferson County, Kansas, et al.*, v. REBECCA STRAWN.

**No. 455.**

REPLEVIN — *Practice* — *Submission to Jury.*  In an action of replevin by a married woman, where, from all the testimony offered, there is some evidence tending to support the contention of the defendants, who are execution creditors of the husband, that the property, or some part thereof, is that of the husband, it is error to instruct the jury to return a verdict for the plaintiff.  The jury are the judges of all questions of fact in such case, and it is for them to say what is proved.  The case should be submitted to the jury with proper instructions.

Error from Jefferson district court; LOUIS A. MYERS, judge.    Opinion filed December 15, 1898.    Reversed.

*Gephart & Schaeffer*, for plaintiffs in error.
*Hungate & Thompson*, for defendant in error.

The opinion of the court was delivered by

McELROY, J.:    This was an action in replevin brought by Rebecca Strawn against J. H. Weather-

ford, as sheriff of Jefferson county, to recover the possession of personal property.  A trial was had before the court and a jury, which resulted in a verdict for plaintiff.   The defendants' motion for a new trial was overruled, and they present the case to this court for review, alleging that the trial court erred : ( 1 ) In the admission of evidence ;  (2) in instructing the jury to return a verdict for plaintiff ; and ( 3 ) in overruling the defendants' motion for a new trial.

The record discloses that Rebecca Strawn, on or about March 13, 1894, commenced two actions in replevin against the sheriff to recover the possession of two horses, one colt, two cows, one yearling heifer, one yearling steer, and fourteen shoats.   The answer in each case was a general denial.   J. H. Strawn and Rebecca Strawn are husband and wife.   The execution creditors claim the property by reason of executions levied on the property as that of J. H. Strawn, the execution debtor.   At the trial, by consent, Lottie C. Kemper and the Delaware Bank, judgment creditors of J. H. Strawn, were substituted as defendants, and the two cases were consolidated.   When the evidence was all in, the court instructed the jury to return a verdict for the plaintiff.   The court found the value of the property to be $110, and rendered judgment for plaintiff.

Rebecca Strawn, on November 21, 1892, commenced an action against her husband, J. H. Strawn, for divorce and alimony.   At the same time she procured an injunction restraining him from selling or disposing of their common property.   On the 22d day of May, 1893, the parties to that action made and filed the following stipulation :

"It is hereby mutually agreed and stipulated by and between the parties to this action, that the plain-

tiff shall have the following property as her absolute property, to wit: Her choice of one span of the horses mentioned in plaintiff's petition; her choice of two (2) of the cows mentioned in the petition; her choice of five (5) of the hogs mentioned in the petition. . . . If defendant takes the Keeley cure or otherwise reforms from the use of intoxicating liquors to the satisfaction of the plaintiff, this case to be dismissed at the next term of this court. The plaintiff consents that enough of the other property, mentioned in the petition, may be sold, sufficient to pay defendants' expenses in taking the Keeley cure, said attorney fee of twenty-five dollars, and such other just debts of defendant as the parties to this agreement may agree upon. . . ."

The plaintiff claimed the property in question by reason of the stipulation made and filed in that case. The record and pleadings in the divorce action were competent to show that there was such an action pending, and that there was a real controversy between the parties. The stipulation was properly admitted as tending to show the source of the plaintiff's title to the property.

The next contention is that the court erred in instructing the jury to return a verdict for the plaintiff. We do not know by what right the testimony of the husband, J. H. Strawn, was admitted. However, if his testimony was competent for any purpose, it tended to support the contention of the defendants in the trial court. We think the court should have submitted the case to the jury with proper instructions for their determination.

The judgment will be reversed, and cause remanded with direction to the trial court to sustain the motion for a new trial, and for further proceedings.